**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN POUNDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-cv-13118 |
| | ) | District Judge: Hon. Franklin Valderrama |
| FAMILY DOLLAR, | ) | **Magistrate Judge: Hon. Maria Valdez** |
| | ) | |
| Defendant. | ) | |

**<u>INITIAL STATUS REPORT</u>**

1. A brief summary of the claims asserted in the complaint and any counterclaim or third-party complaint.

**Plaintiff's claims arise out of a theory of premises liability. Plaintiff claims that Defendant negligently managed, maintained, or otherwise controlled the area of the walkway at or near the entrance of their store such that a piece of metal protruded out of said walkway. Plaintiff further claims that as a result of this negligence, they were caused to trip and fall, sustaining significant injuries.**

**Defendant denies that it has any liability to Plaintiff.**

2. A brief statement of the relief sought, including an itemization of damages.

**Plaintiff seeks relief for their medical expenses, pain and suffering, loss of normal life, disability, and disfigurement. The attached list is an itemization of Plaintiff's special damages.**

**Defendant believes that Plaintiff's itemization of damages is incomplete because Plaintiff only listed special damages. Defendant requests that the Court order Plaintiff to update itemization of damages to fully reflect Plaintiff's claims in this case.**

3. A brief description of the matter referred to the magistrate judge or alternatively, attach a copy of the referral order.

**This matter was referred by Judge Valderrama for the purpose of Discovery Supervision, ruling on Defendant's pending Motion for Entry of a Confidentiality Order and a HIPAA Protective Order, and to conduct a settlement conference.**

4. The status of any briefing on the matters referred.

**Motions for entry of a Confidentiality Order and a HIPAA Protective Order have been filed. Plaintiff has until January 24, 2025 to respond in writing, but has elected not to respond in writing. A hearing on these motions is set for January 29, 2025.**

5. If the case has been referred for discovery matters, a description of the discovery that has been completed and the future discovery contemplated, including identifying: (a) the depositions that have been taken; (b) the depositions that have been scheduled and the dates set; and (c) any other discovery contemplated.

**Plaintiff and defendant have exchanged written discovery requests; Plaintiff has answered and subsequently amended said written discovery. Defendant has not answered written discovery. No depositions have taken place.**

**At this juncture, and without the benefit of Defendant's discovery responses, Plaintiff estimates they will plan to depose at least four witnesses, likely more.**

**With Court's leave, Defendant requests an extension of time to provide written discovery responses on or before February 24, 2025.**

6. Whether the parties will consent to trial before the magistrate judge.

**The parties do not consent to trial before the magistrate judge.**

7. Any dates or deadlines established by the district judge for discovery cut-off, submission of pretrial order or trial. If no discovery dates have been set, attach to the initial status report a completed Rule 16(b) scheduling order.

**Please see attached Rule 16(b) scheduling order containing proposed dates.**

8. The status of settlement negotiations, if any.

**The parties have not engaged in any settlement negotiations. The parties wish to complete written discovery and depositions prior to engaging in any settlement negotiations.**

9. In referral cases, list both the district judge and the magistrate judge in the caption and circle the name of the judge for whom the filing is intended.

Respectfully submitted,

By: /s/*Brian C. Thomas*
Brian C. Thomas
**THOMAS LAW**

1 East Wacker Drive, Suite 1630
Chicago, IL 60601
T: (312) 527-4600
F: (312) 527-46874687
Firm No. 56329
***Attorney for Plaintiff, Steven Pounds***

Respectfully submitted,

By: /s/*Edward A. Khatskin*
Edward A. Khatskin 6319840
**Hall & Evans LLC**
121 West Wacker, Suite 2150
Chicago, IL 60601
Telephone: (312) 373-1190
Firm No. 100543
khatskine@hallevans.com
***Attorney for Defendant, Family Dollar***

**Plaintiff's Special Damages Itemization**

| Provider | Amount |
|---|---|
| City of Chicago EMS | $3,360.00 |
| Stroger Hospital | $6,119.72 |
| Northwestern Medicine Central DuPage | $625.00 |
| PCC Lake Street Family Health Center | $0.00 |
| Elite Orthopedics and Sports Medicine | $22,018.16 |
| University of Spine Surgeons | $5,000.00 |
| Premium Healthcare Solutions LLC/Medlegal Associates Corp. | $13,350.00 |
| Ability HealthCare, Ltd. (Elite Rehabilitation Institute of Oak Park) | $4,680.00 |
| G & T Orthopedics and Sports Medicine | $400.00 |
| Windy City Medical Specialists | $9,925.00 |
| Ashland Medical Specialists | $14.240.00 |
| Illinois Back & Neck Institute | $344,347.31 |
| ADCO Billing Solutions | $1,991.00 |
| Electronic Waveform Lab, Inc. | $6,960.00 |
| The Pain Center of Illinois | $3,743.00 |
| American Diagnostic MRI | $4,100.00 |
| NeuroLogic IOM | $28,941.00 |
| Medmanagement | $30,945.00 |
| **Total:** | **$500,745.19** |